Case: 1:23-cv-02458 Document #: 1 Filed: 04/13/23 Page 1 of 19 PageID #:1

RECEIVED
4/13/2023 SMB
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

PC SCAN
PC 14
RANDOM

SCANNED AT STATEVILLE CC and E-mailed
4-13-23 by CK 24 pages
date    initials    No.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

CESAR RUIZ
(Full name under which convicted)
PETITIONER

M45835
(Prisoner Number)

vs.

Charles Truitt
(Warden, superintendent, or authorized person having custody of petioner)
RESPONDENT, and

(Fill in the following blank **only** if judgment attacked imposes a sentence to commence in the future.)

ATTORNEY GENERAL OF THE STATE OF
N/A
(State where judgment entered)

Case Number: **23CV2458**
(Supplied by Clerk of this Court)

**JUDGE THARP JR.
MAGISTRATE JUDGE JANTZ**

Case Number of State Court Conviction:

Cook County No 12 CR 00507

## PETITION FOR WRIT OF HABEAS CORPUS – PERSON IN STATE CUSTODY

1. Name and location of court where conviction entered:
   Circuit Court of Cook County Illinois

2. Date of judgment of conviction:
   June 20, 2014

3. Offense(s) of which petitioner was convicted (list all counts with indictment numbers, if known)
   One (1) Count of First Degree Murder

4. Sentence(s) imposed:
   Extended Term sentence of 75 years' imprisonment

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/29/2016
- 1 -

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. What was your plea? (Check one)  ☑ Not guilty  ☐ Guilty  ☐ Nolo contendere
   If you pleaded guilty to one count or indictment and not guilty to another count or indictment, give details: N/A

## PART I – TRIAL AND DIRECT REVIEW

1. Kind of trial: (Check one):  ☑ Jury  ☐ Judge only
2. Did you testify at trial?  ☑ Yes  ☐ No
3. Did you appeal from the conviction or the sentence imposed?  ☑ Yes  ☐ No

   (A) If you appealed, give the
       (1) Name of court: Appellate Court Of Illinois First District
       (2) Result: Affirmed conviction and sentence
       (3) Date of ruling: March 22, 2018
       (4) Issues raised: (1) Trial Court Committed Reversible Error By Permitting The Admission Of Several of Co-Defendant's Out-of-Court Statements Implicating Him In Victim's Death, Under Illinois Law And Constitutional Right To Confrontation
   (B) If you did not appeal, explain briefly why not: N/A
       N/A

4. Did you appeal, or seek leave to appeal, to the highest state court?  ☐ Yes  ☑ No

   (A) If yes, give the
       (1) Result: N/A
       (2) Date of ruling: N/A
       (3) Issues raised: N/A
       N/A
       N/A
       N/A
   (B) If you did not appeal, explain briefly why not: Appellate Counsel lead Petitioner to believe he would file PLA and failed to do so and based on Petitioner's English limitation did not understand the significance of Attorney's failure to file.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

5. Did you petition the United States Supreme Court for a writ of *certiorari*?
   ☐ Yes    ☑ No

   If yes, give (A) date of petition: __N/A__

   (B) Date *certiorari* was denied: __N/A__    **PART II – COLLATERAL PROCEEDINGS**

1. With respect to this conviction or sentence, have you filed a post-conviction petition in state court?
   ☑ Yes    ☐ No

   With respect to *each* post-conviction petition give the following information (use additional sheets if necessary):

   A. Name of court: __Circuit Court of Cook County, Illinois__

   B. Date of filing: __September 21, 2018__

   C. Issues raised: __(1) Trial Counsel was ineffective for (A) Failing to introduce a 911 call containing an admission by co-defendant; (B) Failing to introduce evidence that co-defendant had previously abused the victim;[1]__

   D. Did you receive an evidentiary hearing on your petition?    ☐ Yes    ☑ No

   E. What was the court's ruling? __Summary Dismissal at First Stage__

   F. Date of court's ruling: __December 12, 2018__

   G. Did you appeal from the ruling on your petition?    ☑ Yes    ☐ No

   H. (a) If yes, (1) what was the result? __Affirmed__

         (2) date of decision: __March 23 2022__

      (b) If no, explain briefly why not: __N/A__

---

[1] (C) Failing to object to evidence that defendant had abused co-defendant; and (2) Defendant's sentence is unconstitutionally disproportionate

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

1. Did you appeal, or seek leave to appeal this decision to the highest state court?
   ☑ Yes  ☐ No

   (a) If yes, (1) what was the result? Denial of PLA

   (2) date of decision: September 28, 2022

   (b) If no, explain briefly why not: N/A
   N/A
   N/A
   N/A
   N/A
   N/A
   N/A

2. With respect to this conviction or sentence, have you filed a petition in a **state court** using any other form of post-conviction procedure, such as *coram nobis* or habeas corpus?

   ☐ Yes  ☑ No

   A. If yes, give the following information with respect to each proceeding (use additional sheets if necessary):

   1. Nature of proceeding  N/A
   2. Date petition filed  N/A
   3. Ruling on the petition  N/A
   4. Date of ruling  N/A
   5. If you appealed, what was the ruling on the appeal?  N/A
   6. Date of ruling on appeal  N/A
   7. If there was a further appeal, what was the ruling?  N/A
   8. Date of ruling on appeal  N/A

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

3. With respect to this conviction or sentence, have you filed a previous petition for habeas corpus in **federal court**? ☐ Yes ☒ No

    A. If yes, give name of court, case title and case number: __N/A__
    __N/A__

    B. Did the court rule on your petition? If so, state

        (1) Ruling: __N/A__

        (2) Date: __N/A__

4. With respect to this conviction or sentence, are there legal proceedings pending in any court, other than this petition? ☐ Yes ☒ No
   If yes, explain: __N/A__
   __N/A__
   __N/A__
   __N/A__
   __N/A__
   __N/A__
   __N/A__
   __N/A__

## PART III – PETITIONER'S CLAIMS

1. State briefly every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. You may attach additional pages stating additional grounds and supporting facts. If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds later.

    **BEFORE PROCEEDING IN THE FEDERAL COURT, YOU MUST ORDINARILY FIRST EXHAUST YOUR STATE COURT REMEDIES WITH RESPECT TO EACH GROUND FOR RELIEF ASSERTED.**

    (A) Ground one __(see I infra)__
    Supporting facts: __(see PARt(s) A1-A14 at pages 7-11, infra)__

    __I. Petitioner was Denied His Constitutional Rights To Due Process And Equal Protection Of Law And Rights__

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Guaranteed By The Sixth, Eighth And Fourteenth Amendments To The United States Constitution Where Petitioner's 75 Year Sentence Was Unconstitutionally Disproportionate To His Co-Defendant's 35 Year Sentence And Counsel As Well As State Court Deprived Petitioner From Being Heard And Obtaining A Merit Review Warrants Granting Of Writ To Be Issued

(B) Ground two (see II w/fa)
Supporting facts: (see Par(s) B1-B at pages 12- w/fa)

II. Petitioner Was Denied His Constitutional Rights To Due Process And Equal Protection And Rights As Guaranteed By The Sixth, Eighth And Fourteenth Amendments To The United States Constitution Where Petitioner Was Denied Effective Assistance Of Trial And Direct Appeal Counsel, Where Trial Counsel Failed (i) To Introduce A 911-Audio-Recording Where Valdez Admitted That She Was The One Who Killed The Victim; (ii) To Object To Irrelevant Testimony About Valdez Purportedly Becoming Isolated From Her Family Upon Her Relationship With Petitioner And Alleged Abuse Of Valdez; (iii) to present Valdez's Previous Abuse Of The Victim; And Appellate Counsel Failing To Raise Trial Counsel's Incompetency On Direct Appeal, With the State Courts Deprived Petitioner From Being Heard And Obtaining A Merit Review Warrants Granting Of Writ To Be Issued Or Alternately Granted An Evidentiary Hearing With Appointed Counsel.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

Rev. 06/29/2016

-6-

(A) Ground One (I) Supporting Facts (Continued from page 5 supra)

(A1). That the Record is unrebuttable as to the fact Petitioner had no previous criminal convictions. Despite this fact, the trial Court sentenced Petitioner to an extended term sentence of 75-years' imprisonment (C.239; C263; R.1495-1502)

(A2) That Petitioner's co-defendant, Crystal Valdez ("Valdez") was charged with the same charges as this Petitioner,[2] being tried subsequent to Petitioner in 2017 and convicted of the same exact charges, but was only sentenced by the same trial judge, to 35 years imprisonment[3] less than half of Petitioner's 75 year extended term sentence

(A3) That unlike Petitioner, Valdez had previously been incarcerated (See C.307; R1242 ("[Valdez] started making threats"

---

[2] Both Petitioner and Valdez, tried separately on the same charges, their respective juries received instructions on intentional and strong-probability murder, as well as on Accountability. Both juries returned a general verdict of guilty on one (1) count of murder (C.309 as to Petitioner; See Fn3 infra as to Valdez). An improper jury instruction (IPI Criminal (4th) No.7.15) "causation" was not an element of the crimes charged and an example of counsel(s) and State Courts failure to provide Petitioner from being heard and obtain a merit review.

[3] Petitioner finally obtained Valdez's Appellate decision (See People v Crystal Valdez, 2022 IL App (1st) 181463 (June 29, 2022), which this Court may take judicial notice.

-7-

telling [Petitioner] "she didn't care if she went back to jail") and had been previously prosecuted for domestic battery involving the young victim ("Christopher") (C308; R1279-80) (See Valdez Id at Pars) "56-57")

(A4) That neither jury for Petitioner nor Valdez specified whether they found Petitioner or Valdez guilty as a principal or on Accountability theory, thus, the state court record may not be presumed to its correctness where the trial court found Petitioner was more culpable than Valdez in impose the sentence upon Petitioner which was twice the length imposed by the same trial court on Valdez.

(A5) That judicial notice may be taken of the Honorable Appellate Justice Ellis finding in Valdez "Our point is not to compare the culpability of the two defendants or assess the basis for the disparity in their sentence.+++ The trial court sentenced [Valdez] relatively leniently." (Id at Par #223)

(A6) That judicial notice may be taken to Justice Ellis judicial finding as to Valdez's previous abuse of Christopher and evidence of Valdez's domestic-battery trial. (See Valdez Id at Pars) #13-#23)

(A7) That Petitioner, proceeding pro se raised this without deprivation of his Constitutional rights in his

- 8 -

Petition For Post Conviction Relief, which had been prepared by another inmate due to Petitioner's extremely limited understanding of the English language. (C.329-55)

(A8) That the trial court summarily dismissed Petitioner's pro se petition at the first stage as being frivolous and patently without merit. (CC 363-80) The erroneous summary dismissal precluded Petitioner from fully developing a factual record raising due process concerns which this Court may take judicial notice.

(A9) That the absurd result of Petitioner being sentenced to over twice Under's sentence, ie "grossly disproportionate", which the trial court downplayed as a "mere disparity of sentence" and misconstruing the facts and applicable law to justify the sentence he imposed upon Petitioner.

(A10) That its undisputable, with the record on Appeal from the post-conviction proceedings, Mr. Matthew M. Daniels of the Office of State Appellate Defender ("OSAD") had ample evidence to raise on Appeal the constitutionally disproportionate sentence received by Petitioner compared to Under's sentence, but failed to raise the available issue, failing in his duty to Petitioner and providing unreasonableness of

- 9 -

Appellate Counsel [4] whereas the absurdity to omit this viable claim is beyond the pale.

(A11). That upon denial of Petitioner's post conviction Appeal on March 23, 2022 (see People v Cesar Ruiz 2022 ILApp (1st) 190947-U), Petitioner obtained the legal assistance of a Prisoner At Law ("PAL") [5] who prepared Petitioner's Pro Se Petition For Leave To Appeal, filed with the Illinois Supreme Court.("PLA")

(A12) That Petitioner's PLA raised, inter alia, Claim I "Whether This Court Should Grant Mr Ruiz Leave To Appeal To Consider The General Importance Of The Question Whether Appellate Counsel Rendered Unreasonableness of Counsel On Appeal By Failing to Raise The Viable Meritorious Claim Of Disproportionate Sentence of Mr Ruiz's

---

[4] Petitioner is not attempting to raise a Sixth Amendment claim of post conviction appellate counsel, but, in fact, is raising the Due Process and Equal Protection deprivation by counsel's failures and further submit the facts go to "cause" in event procedural default is argued, which undoubtable Respondent will

[5] "PAL stands for 'Prisoner At Law' that is a type of lay pro se assistant who aids prisoners in conducting legal research and preparing post-conviction motions." (see Flowers v Gaetz Cno. 09-C-1363)(ND Ill 2-20-2010) Memorandum opinion and Order, issued by the Honorable District Court Judge Rebecca R. Pallmeyer, slip opinion Flo+6 at pages 11-12)

-10-

75 Year Sentence And Co-Defendant Valdez's 35 Year Sentence Or Alternately, Issue A Supervisory Order Directing The Appellate Court To Allow Mr Ruiz To Brief Said Constitutional Deprivation, To Avoid Waiver Of The Same For Federal Review Otherwise The Fundamental Fairness Being Violated Will Be Compounded."

(A13). That despite Petitioner's diligent efforts to ensure both the Appellate Court and Supreme Court were provided the opportunity to have their "bite of the Apple" (As set forth in Par "A12 supra), the Illinois Supreme Court denied Leave to Appeal on September 28, 2022 (People v Cesas Ruiz No 128452)[6]

(A14) That based on the facts as set forth in Par(s) A1-A13 supra, the writ should issue, or alternately, An Evidentuary hearing should be granted, with appointment of counsel motion being granted.

---

[6] Petitioner being only allowed to argue the factual basis for the claims set forth herein, reserves the right to submit a Memorandum of Law and/or Reply To State Answer to address the legal support of a merit Review of said Claims and address any procedural default issues which maybe raised as well a "Cause and prejudice" to overcome any such defense

-11-

(B) Ground Two (II) Supporting Facts (Continued from page 6 supra)

(B1). That Petitioner's theory of defense was that he was not responsible for four-year old Christopher Valdez's death and co-defendant Crystal Valdez was solely responsible. Trial counsel's incompetency rendered the defense ineffective depriving Petitioner of a constitutionally fair trial.

(B2) That Petitioner is only able to present three (3) issues of trial counsel's failure to provide constitutionally effective representation as being fully exhausted. This Court may take judicial notice of the plethora of incidents where trial counsel exhibited a "startling ignorance of law", whereas incompetency of counsel must be review in totality.

(B3) That the first of the three exhausted claims of incompetency of counsel, is the inexcusable failure to introduce a 911 audio-recording in which co-defendant Valdez admitted that she was the person who killed her son Christopher. Such exculpatory evidence, known to trial counsel and failure to present such evidence in Petitioner's defense was such a deficiency that prejudice can be presumed.

(B4) That the record is abundantly clear, during pretrial discovery, the state tendered to

-12-

Petitioner's trial counsel, an audio recorded copy of Joseph Valdez's 911 call from the coach house. During the call, Crystal Valdez's voice can be heard in the background saying "I killed him, my Christopher" (C.349) [1]

(B5) That there is absolutely no possible strategic reason for trial counsel's failure to present the 911 audio call at trial and had trial counsel lived up to his constitutional duty, the outcome of the trial would have been different.

(B6) That it must be noted, the record is silent as to any reason for said failure to present the exculpatory evidence, due to the trial court's erroneous summary dismissal of Petitioner's Post Conviction Petition, which was raised therein and attached as an Exhibit (C355)

(B7) That to compound the Trial Court manifest error precluding Petitioner from effectively being heard, the Appellate Court erroneous held "Whether counsel's failure to offer this evidence was arguably deficient, it did not

---

[1] The State played an excerpt of the 911 call at co-defendant Valdez's trial and the jury heard Valdez state "I killed him, my Christopher" (see Valdez Id 2022 ILAPP(1st) 181463 PAR#40), which this Court may take judicial notice.

- 13 -

arguably prejudice defendant" (See People v Ruiz 2022 ILAPP (1st) 190947 Par #27), but failed to consider prejudice may be presumed

(B8) That the second of the three exhausted claims of incompetency of counsel, is when trial counsel failed to object to the highly prejudicial, irrelevant and inadmissible testimony about Crystal Valdez purportedly becoming isolated from her family after being with Petitioner in a relationship

(B9) That the State erroneously presented testimony that after Valdez started dating this Petitioner in spring of 2011, she became timid, stopped attending family events, became more distant from her family and chose to stay with Petitioner instead of attending her daughter Christine's November 24, 2011 birthday party or Thanksgiving dinner at the home of Joe and Katawe (C351-52) This evidence was presented to create the misleading and prejudicial impression that Petitioner was controlling Valdez and abusing her. (Id)

(B10) That there was no foundation laid

NOR creditable relevance to the issue at trial, ie, who was solely responsible for Christopher's death. Assuming arguendo there may be some shred of relevancy, the prejudicial effect far outweighed any probative value. But due to trial counsel's incompetency, in failing to object, the trial court never made any such determination

(B11) That the trial court's erroneous summary dismissal of this post-conviction, once again using the "Even if" this evidence was not relevant or admissible (which is clearly was not) Petitioner can not show prejudice, once again failing to consider prejudice may be presumed

(B12) That to compound the deprivation of trial counsel's failure to rise to the level mandated the the Sixth Amendment, Appellate Counsel was also constitutionally ineffective for failing to include the issue as set forth in PARCS) B8-B11 supra, denying Petitioner's due process right to be heard

(B13) That the third of the three exhausted claim of incompetency of counsel, in failing to present Valdez's previous abuse of the victim, was so deficient that prejudice may

-15-

be presume.

(B14) That the absurdity of Petitioner's jury not being allowed to hear Unlder's statement "I killed him, my Christopher" nor Unlder's previous abuse of Christopher, but was allowed to hear the highly prejudicial, irrelevant and inadmissible testimony which was presented solely to create the misleading impression that Petitioner was controlling and abusing Unlder.

(B15) That to reiterate, judicial notice may be taken of Justice Ellis judicial finding as to Unlder's previous abuse of Christopher and evidence of Unlder's domestic-battery trial. (See Par #A6 Citing Unlder Id at Pages) "13, "23)

(B16) That trial court's erroneous summary dismiss of Petitioner's Post Conviction Petition prevented Petitioner from being heard and to establish the record, compounding the due process violation by the absurd finding the claim was based entirely upon facts of record and should have been raised on direct appeal.

(B17) That both individually and moreso cumulatively, the three incidents of trial counsel's "startling ignorance of law" and the deficient performance by trial counsel

- 16 -

and Appellate counsel, either separately or combined prejudiced Petitioner resulting in the deprivation of his constitutional rights. To ensure Petitioner was not heard, both the Circuit Court and Appellate Court decisions resulted in a record which may not presumed correct and contrary to Supreme Court precedent.

(B18) That based on the facts set forth in Para(s) #B1-B17 supra, the writ should issue or alternately an Evidentiary hearing granted

2. That all grounds raised in this Petition have been presented to the highest Court having jurisdiction. (Petitioner filed a Petition to The Illinois Supreme Court on April 26, 2022 and said Court denied the same on September 28, 2022 (see People v. Ruiz No 128752) Thus this Habeas Petition is being timely filed

Part IV: Representation

(A) At Preliminary hearing: Does not recall
(B) At arraignment and plea: Does not recall.

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

(C) At trial  Cook County Public Defender Office
(D) At sentencing  Same as (C) supra
(E) On appeal  Office of State Appellate Defender ("OSAD")
(F) In any post-conviction proceeding  Pro Se
(G) Other (state):  P.C. Appeal MR Matthew M Daniel of OSAD
(H)  PC PLA : Prisoner At Law ("PAL")

## PART V – FUTURE SENTENCE

Do you have any future sentence to serve following the sentence imposed by this conviction?

☐ Yes   ☒ No

Name and location of the court which imposed the sentence:  N/A

N/A

Date and length of sentence to be served in the future  N/A

WHEREFORE, petitioner prays that the court grant petitioner all relief to which he may be entitled in this proceeding.

Signed on: April 13th 2023
(Date)

N/A
Signature of attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct.

(Signature of petitioner) Cesar Ruiz

M45835
(I.D. Number)

Stateville Correctional Center
16830 S Broadway Street  P.O Box 112
Joliet Illinois 60434
(Address)

[If you need additional space for ANY section, please attach an additional sheet and reference that section.]

# AFFIDAVIT OF AFFIRMATION

I, __CesAR Ruiz__, affiant, do hereby declare and affirm under the penalty of perjury as defined in 735 ILCS5/1-109, 28USC 1746 or 18 USC 1621 that everything contained herein is true and accurate to the best of my knowledge and belief. I further declare and affirm that the contents of the foregoing document(s) is/are known to me and is/are accurate to the best of my knowledge and belief. Finally, I do declare and affirm that the matter at hand is not taken either frivolously or maliciously and that I believe the foregoing matter is taken in good faith.

Signed on this __13th__ day of __April__, 20__23__.

_____
Cesar Ruiz Affiant
Reg No M45835
Stateville Correctional Center
P.o Box 112     Route 53
Joliet, Illinois 60434
Petitioner Pro Se
(with Legal assistance of a
  Prisoner At Law ("PAL"))