IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CESAR RUIZ, M45835, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 23 C 2458 |
| | ) | |
| CHARLES TRUITT, Warden, | ) | |
| Stateville Correctional Center, | ) | The Honorable |
| | ) | Jeremy C. Daniel, |
| Respondent. | ) | Judge Presiding. |

**STATUS REPORT**

Pursuant to this Court's Standing Order, respondent files this Status Report. Under Federal Rules of Civil Procedure (FRCP) 26(f), citing FRCP 26(a)(1)(B)(iii), respondent is not required to meet and confer with petitioner, a prisoner at Stateville Correctional Center who is proceeding pro se on his 28 U.S.C. § 2254 petition for a writ of habeas corpus:

I. Nature of the Case

- A. The attorney of record and lead trial attorney for respondent is Assistant Attorney General Eldad Z. Malamuth. Petitioner is a prisoner at Stateville Correctional Center and is not represented by counsel.

- B. This Court has jurisdiction over petitioner's 28 U.S.C. § 2254 petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1331, 2241, and 2254.

    C.    Petitioner challenges his conviction for murdering his girlfriend's son, alleging that (1) his prison sentence is disproportionate to his codefendant's sentence in violation of the Eighth Amendment; (2) his trial counsel was ineffective for failing to (a) present the recording of a 911 call, (b) object to evidence that his girlfriend became isolated from her family after she began her relationship with petitioner, and (c) present evidence that his girlfriend had previously abused the victim; and (3) direct appeal counsel was ineffective for failing to raise each of the allegations of trial counsel's ineffectiveness set forth in claim (2).  Doc. 1.  Respondent filed an answer assert that petitioner's claims are defaulted in part and meritless.  Doc. 12.

    D.    Petitioner seeks a writ of habeas corpus releasing him from custody.

    E.    All parties have been served.

II.    Discovery and Pending Motions

    A.    There are no pending motions.  Petitioner filed his habeas petition on April 13, 2023.  Doc 1.  On May 19, 2023, the Court ordered respondent to file a response by July 21, 2023, Doc. 9, which respondent did on July 20, 2023, Docs. 12 & 13.  The Court provided petitioner until September 1, 2023, to reply.  Doc. 9.

    B.    There is no current discovery schedule.

    C.    There has been no discovery and no discovery is warranted unless the Court determines that petitioner's claims are not defaulted and/or barred by 28 U.S.C. § 2254(d).

    D.    There have been no substantive rulings issued in the case.

    E.    No motions are anticipated.

III.    Trial.

    A.    Because this is a habeas case under 28 U.S.C. § 2254, petitioner has no right to jury trial.  Accordingly, there has been no jury demand.

    B.    No evidentiary hearing is warranted unless the Court first finds that petitioner's claims are not defaulted and/or barred by 28 U.S.C. § 2254(d).

    C.    No final pre-evidentiary-hearing order has been filed because the Court has made no determination that an evidentiary hearing is appropriate; moreover, there is no deadline for such an order.

    D.    Respondent cannot estimate the length of an evidentiary hearing in this case. Should the Court hold that an evidentiary hearing is appropriate on any of petitioner's claims, the length of that hearing will depend on which claims are at issue and what evidence petitioner intends to submit to support his claims.

IV.    Status of Settlement Discussions

    A.    No settlement discussions have occurred because settlement of this case would require releasing a prisoner who respondent believes to be in custody pursuant a valid state-court conviction and sentence or overturning that state-court conviction and sentence.

    B.    The habeas case has not been referred to the Magistrate Judge for discovery supervision and/or a settlement conference.

    D.    Because this is a habeas case and the prison warden in whose custody petitioner is incarcerated is merely the nominal respondent, with the Illinois Attorney General representing the comity, finality, and federalism interests implicated by petitioner's claims, counsel for respondent has not informed respondent about the possibility of proceeding before the assigned Magistrate Judge for all purposes. The parties have not unanimously consented to that procedure.

V.    Other

    A.    Respondent has no other issues to raise to the Court.

July 20, 2023                                  Respectfully submitted,

                                                          KWAME RAOUL
                                                          Attorney General of Illinois

                                                  By: <u>s/Eldad Z. Malamuth</u>
                                                        ELDAD Z. MALAMUTH, Bar No. 6275421
                                                        Assistant Attorney General
                                                        100 West Randolph Street, 12th Floor
                                                        Chicago, Illinois 60601-3218
                                                        (312) 814-2235
                                                        eldad.malamuth@ilag.gov

## CERTIFICATE OF SERVICE

      I certify that on July 20, 2023, I electronically filed respondent's **Status Report** with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system, and on the same date a copy of the document was mailed via United States Postal Service to the following non-registered party:

Cesar Ruiz, M45835
Stateville Correctional Center
P.O. Box 112
Joliet, Illinois 60434

 

s/Eldad Z. Malamuth
ELDAD Z. MALAMUTH, Bar No. 6275421
Assistant Attorney General
100 West Randolph Street, 12th Floor
Chicago, Illinois 60601-3218
(312) 814-2235
eldad.malamuth@ilag.gov